UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**CURTIS MOSS**,

        Plaintiff,

v.                                                                                         9:05-CV-1585
                                                                                           (NAM)(DRH)

**TED NESMITH**, Registered Physician Assistant, Great
Meadow Correctional Facility, **DAVID CARPENTER**,
Deputy Superintendent of Programs, Great Meadow
Correctional Facility, **LUCIEN J. LECLAIRE, JR.**,
Deputy Commissioner of DOCS,

        Defendants.
_____

**APPEARANCES**:                                           **OF COUNSEL:**

CURTIS MOSS
01-B-2310
Upstate Correctional Facility
P.O. Box 2001
Malone, NY 12953
Plaintiff, *pro se*

HON. ELIOT SPITZER                                         JEFFREY P. MANNS, ESQ.
Office of the Attorney General
State of New York
Department of Law
The Capitol
Albany, New York 12224

**NORMAN A. MORDUE, Chief U.S. District Judge**

## ORDER

Presently before the Court are two motions filed by plaintiff, Curtis Moss, for a preliminary injunction and for recognizance or bond. Dkt. Nos. 19 and 28. Defendants have opposed both motions. Dkt. Nos. 26 and 29.

**A.    Background.**

Plaintiff filed this action on December 21, 2005. Plaintiff alleges that the medical staff at Great

Meadow Correctional Facility was deliberately indifferent to his medical needs and that the Grievance Office at Great Meadow impeded his access to the grievance procedures in order to aid the medical department in denying him care. Defendants answered the complaint on May 1, 2006. Dkt. No. 14.

**B.    Motion for Preliminary Injunction.**

Plaintiff filed his motion for a preliminary injunction on June 21, 2006. Dkt. No. 19. Plaintiff states that he seeks transfer out of Great Meadow, three million dollars, and an order directing surgery on his leg. *Id*. At another point in the motion, plaintiff states that he seeks an order enjoining defendants "from access to any further documents that can be used for litigating, out going and in coming mail." *Id*. And, finally, plaintiff seeks an order restraining defendants from "Curtis Moss [sic] medical records, mental health records and from supplying any further information concerning plaintiff [sic] condition." *Id.*

The standard a court must utilize in considering whether to grant a request for injunctive relief is well-settled in this Circuit. As the Second Circuit noted in *Covino v. Patrissi,* 967 F.2d 73 (2d Cir. 1992), the movant must show: (a) irreparable harm and (b) either (1) a likelihood of success on the merits of the claim or (2) sufficiently serious questions going to the merits and a balance of hardships tipping decidedly toward the party seeking injunctive relief. *Id*. at 77 (affirming district court's denial of inmate's request for preliminary injunction); *see also Roucchio v. LeFevre*, 850 F. Supp. 143, 144 (N.D.N.Y. 1994) (McAvoy, C.J.) (adopting Report-Recommendation of Magistrate Judge that denied inmate's request for injunctive relief).

The Court need not reach the merits of this motion because it is clear that plaintiff is no longer incarcerated under the supervision of the named defendants in this action, and therefore, the request for injunctive relief must be dismissed. *Cf. Hallett v. New York State Department of Correctional Services*, 109 F. Supp.2d 190, 196 (S.D.N.Y. 2000). Plaintiff is now incarcerated at Upstate Correctional Facility.

Dkt. No. 31. It is settled in this Circuit that a transfer from a prison facility moots an action for injunctive relief against the transferring facility. *Prins v. Coughlin,* 76 F.3d 504 (2d Cir. 1996), *citing Young v. Coughlin,* 866 F.2d 567, 568 n. 1 (2d Cir.), *cert. denied,* 492 U.S. 909, 109 S.Ct. 3224, 106 L.Ed.2d 573 (1989); *Beyah v. Coughlin,* 789 F.2d 986, 988 (2d Cir. 1986).

In addition, as defendants argue, plaintiff has put his medical condition in question with the filing of this action. Thus, plaintiff is advised that he may not proceed with this action and, at the same time, attempt to preclude the defendants from having access to the pertinent portions of his medical history and records. Accordingly, plaintiff's motion for a preliminary injunction is denied.

**C.     Motion for Bond or Recognizance.**

Plaintiff seeks an order from this Court setting a bond or ordering plaintiff released on his own recognizance so that he may seek medical care of his choice. Dkt. No. 28.

Plaintiff is incarcerated pursuant to criminal convictions and sentences from Erie County, New York.  *See* http://nysdocslookup.docs.state.ny.us (last visited Nov. 22, 2006). Accordingly, the Erie County Court controls the terms and conditions of plaintiff's state sentence. Absent a successful Habeas Corpus Petition, this Court has no jurisdiction to modify the terms of the state court sentence and Commitment Order.

In addition, defendants have presented the Court with evidence of a Department of Correctional Services ("DOCS") policy that demonstrates that plaintiff can, at his own expense, obtain a medical consultation of his choice while in DOCS' custody. *See* Dkt. No. 30. Plaintiff, however, has not availed himself of this option, which would permit him to obtain a consultation with a specialist of his choice, without having to leave the custody of DOCS. If plaintiff is truly interested in obtaining such a consultation, he should pursue the consultation through the avenues already established by DOCS. In the alternative, plaintiff may be able to present his bail motion to the state court that sentenced him.

Accordingly, plaintiff's motion for recognizance or bond is denied.

WHEREFORE, it is hereby

ORDERED, that plaintiff's motion for a preliminary injunction (Dkt. No. 19) is denied, and it is further

ORDERED, that plaintiff's motion for recognizance or bond (Dkt. No. 28) is denied, and it is further

ORDERED, that the Clerk serve a copy of this order on the parties in accordance with the Local Rules.

IT IS SO ORDERED.

DATE:  November 22, 2006

_____
Norman A. Mordue
Chief United States District Court Judge